BLAISDELL & a. *vs.* BLAISDELL.

In an action of debt upon an arbitration bond, containing a penalty, the forfeiture of which is confessed by default of the defendant, the party is not entitled to recover the penalty of the bond, but only so much as is due in equity and good conscience.

In such an action, where it appeared upon affidavits laid before the court, that the defendant revoked the authority of the arbitrators, after they had had one sitting, and also that, by reason of the submission, two actions pending in court in favor of the plaintiffs against the defendant, at the time, and embraced in the submission, had been dismissed, it was *held* that the plaintiffs were entitled to recover a judgment embracing the costs of the arbitration incurred prior to the revocation, and also the costs of the two actions that had been dismissed; the same to be determined upon a hearing before the court.

DEBT ON BOND, given to abide the award of arbitrators. The bond contained a penalty, and also a condition, that, " if

Blaisdell *v.* Blaisdell.

the said Blaisdell (the defendant) his heirs, executors and administrators, on his or their part and behalf, shall and do in all things well and truly stand to, obey, perform, fulfil and keep the award, order, arbitrament and final determination of, &c., then this obligation to be void, otherwise to remain in force."

The defendant was defaulted, and moved the court for leave to be heard in chancery; and, on this motion, affidavits were ordered to be taken with notice, and filed with the clerk, and to form a part of this case. The facts contained in said affidavits will sufficiently appear in the opinion. The action, by order of the presiding judge of the court below, was transferred to this court, for such decision and order thereon as this court shall direct upon the foregoing case.

*Lyford,* for the plaintiff. This action is founded upon an arbitration bond. After the arbitrators had had one sitting, the defendant revoked their authority.

The plaintiffs are entitled to judgment for the penalty of the bond, and to an execution for the same. They are thus entitled, because of the uncertainty that exists as to the actual amount of the damages sustained by reason of the revocation. It is quite too uncertain for the determination of the court. *Vignior's Case,* 8 *Coke* 82; *Warburton* vs. *Storr,* 4 *B. & C.* 103; *King* vs. *Joseph,* 5 *Taunt.* 452, are authorities directly in point, sustaining the position assumed. The 8 *Coke* 162, recognizes the general doctrine contended for by the plaintiff.

*Bell,* (with whom was *Lovell,*) for the defendant. We have found no case which warrants the conclusion that the party is entitled to the whole penalty of an arbitration bond, more than of any other. There are various cases which imply that the party is entitled to damages only.

In *King* vs. *Joseph,* 5 *Taunt.* 452, cited by the plaintiff's

counsel, it is laid down that a party may revoke, but that the arbitrators may proceed, because the party continuing to stand to the submission is entitled to damages. *Rowley* vs. *Young,* 3 *Day's Cases* 118, decides, that the party in a case like this is entitled to recover the costs of the suit. In 10 *Barn. & Cress.* 484, it is said, that the damages may be merely nominal, unless a sum is named as stipulated damages. We contend on the evidence that the plaintiff is entitled to nominal damages only. If an award had been made, it might have been set aside on the ground of partiality, corruption, or gross ignorance.

WOODS, J. This was an action of debt, founded upon an arbitration bond, containing a penalty to secure the performance of the stipulations contained in the condition thereof, to be performed on the part of the defendant, and the same was defaulted. It is not pretended that the sum of the penalty is named in the bond as stipulated damages, *eo nomine ;* but it is contended by the plaintiffs that, in the case of an arbitration bond like the present, the obligee, upon breach of the condition of it, is entitled to judgment for the penalty of the bond, and to an execution therefor.

Upon looking into the cases cited in support of this position, it may well be doubted whether they are intended to go that length, and to settle any such general principle. But it is not necessary to consider or decide that question now, for if such should be found to be the doctrine of the cases, it must yield to the force of legislation in this state. The question here depends upon the provisions of our statutes. By § 13, p. 511, 1 *N. H. Laws,* it is provided, " that in all causes brought before the superior court of judicature, or before the court of common pleas, to recover the forfeiture annexed to any articles of agreement, covenant, contract or charter party, bond, obligation, or other specialty, or for the forfeiture of real estate upon condition by deed of mortgage, or bargain and sale with defeasance, when the forfeit-

ure, breach or non-performance shall be found by the jury, by the default or confession of the defendant, or upon demurrer, the court before whom this action is, shall make up judgment therein for the plaintiff, to recover so much as is due according to equity and good conscience," &c.

This section is not one of doubtful meaning or import. It most explicitly provides the rule of damages in cases like the present. It is not the penalty of the bond necessarily. That does not form the rule of damages. Indeed, the party is not to recover the penalty, as such, at all ;—he is to have judgment for such sum only as in equity and good conscience he is entitled to receive at the hands of the obligor. In other words, he is to recover whatever damages he may in fact have sustained by reason of the forfeiture or breach of the condition of the bond, for nothing more " is due according to equity and good conscience."

The evidence laid before us upon the question that is made as to the amount of damages sustained, and the matters which are to be taken into consideration in determining the same, shows, that, after the arbitrators had one sitting, the defendant revoked their authority to decide the matters submitted, and to make an award. And it appears, also, that, by reason of the submission, two suits pending at the time, in favor of the plaintiffs against the defendant, and embraced in the submission, were dismissed.

The costs of those actions are to be regarded as lost to the plaintiffs, as well as the costs of the arbitration incurred prior to the revocation of the authority of the arbitrators; and those two sums constitute the damages for which the plaintiffs are entitled to a judgment. The damages sought to be recovered in said actions form no part of the damages sustained, as the same, for aught that appears, may still be recovered by the institution of new suits for that purpose.

The plaintiffs are entitled, therefore, to judgment for such sum in damages, as, upon proper proofs, shall be made to

appear to have been sustained by them, according to the principles before stated, and to an execution therefor.

*Let judgment be entered accordingly.*